# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

| | | |
|---|---|---|
| TEXACO TEMPLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV405-164 |
| | ) | |
| JAMES DONALD, Commissioner of | ) | |
| the Georgia Department of Corrections; | ) | |
| and CALVIN MORTON, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed for a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondents have filed an answer. Doc. 7. For the reasons that follow, the Court recommends that the petition be DENIED.

## I. Background

On September 21, 1999, a Liberty County grand jury indicted petitioner on three counts of aggravated assault, one count of possession of a firearm by a convicted felon, and one count of receiving stolen property. Resp. Ex. 3, at 1. A jury convicted petitioner of three counts of aggravated assault and one count of possession of a firearm by a convicted felon on December 10, 1999. Id. at 1-2. Petitioner was sentenced to twelve years'

imprisonment on the aggravated assault charges and to five years' imprisonment on the felon in possession count, to run concurrently. Id. at 2.

Petitioner pursued a direct appeal in the Georgia Court of Appeals, contending that: (1) the evidence was insufficient to support the verdicts; (2) he did not receive effective assistance of counsel; and (3) the trial court erred in failing to grant petitioner a mistrial when the state placed his character into issue. Resp. Ex. 3, at Appellant's Br. On February 7, 2002, the Georgia Court of Appeals rejected petitioner's appeal and affirmed his convictions and sentences in all respects. Temple v. State, 561 S.E.2d 132, 134 (Ga. App. 2002). Petitioner did not seek further review of this decision in the Georgia Supreme Court.

Petitioner filed his first state habeas corpus petition in the Charlton County superior court on May 23, 2002, raising twelve grounds for relief. Resp. Ex. 1. A hearing on the petition was held on October 17, 2002. Resp. Exs. 2, 3. The state court denied relief in an order dated December 20, 2003. Resp. Ex. 3. The record indicates that petitioner failed to file an application for a certificate of probable cause to appeal this decision.

Petitioner filed a second state habeas petition in the Charlton County superior court on August 19, 2003. Resp. Ex. 4. That court held an evidentiary hearing on May 10, 2004 and denied petitioner's application as successive on May 23, 2004. Resp. Ex. 6. The Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief on March 7, 2005. Resp. Ex. 7.

Petitioner executed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on September 8, 2005 asserting the following grounds for relief:

1.  Trial counsel was ineffective for:
    a.  failing to request that petitioner's trial be bifurcated;
    b.  failing to introduce evidence that petitioner passed a gunshot residue test; and
    c.  failing to submit a request to the trial judge requesting a limiting instruction regarding alleged inadmissible character evidence.
2.  The trial court erred by denying petitioner's repeated motions for a mistrial.
3.  The evidence was insufficient to support petitioner's conviction.
4.  Appellate counsel was ineffective for:
    a.  failing to obtain exculpatory evidence from the state during discovery;
    b.  failing to obtain copies of the victims' prior arrest records;
    c.  failing to adequately raise ineffectiveness of trial counsel and failing to subpoena trial counsel to

3

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neeley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.[2] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a

---

[2] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh, 96 F.3d at 869; accord Green, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[3] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision

---

[3]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court

7

precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[4]

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of §

---

[4]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:

> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

2254(d)(1)

> should ask whether the state court's application of
> clearly established federal law was *objectively*
> unreasonable. The federal habeas court should not
> transform the inquiry into a subjective one by
> resting its determination instead on the simple fact
> that at least one of the Nation's jurists has applied
> the relevant federal law in the same manner the
> state court did in the habeas petitioner's case.

Williams, 120 S. Ct. at 1521-22 (emphasis added).    The court then

emphasized that a federal court may not issue the writ "simply because that

court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly.

Rather, that application must also be unreasonable." Id. at 1522. With

these considerations in mind, the Court will now turn to petitioner's

asserted grounds for relief.

## III. Analysis

### A. Ineffective Assistance of Trial Counsel

Petitioner claims that his trial counsel was ineffective for failing to

have petitioner's trial bifurcated, failing to introduce evidence that

petitioner passed a gunshot residue test, and failing to request a limiting

instruction on alleged inadmissible character evidence. Doc. 1. Petitioner

raised each of these claims in his direct appeal before the Georgia Court of Appeals, which found that petitioner had failed to meet his burden of showing ineffectiveness of trial counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under Georgia law, a trial judge must bifurcate the proceedings upon a motion by the defendant if the charge of possession of a firearm by a convicted felon is unrelated to any other count of the indictment. See Head v. State, 322 S.E.2d 228 (Ga. 1984), overruled on other grounds, Ross v. State, 614 S.E.2d 31 (Ga. 2005). At petitioner's trial, trial counsel did not object to the prosecutor's statement that bifurcation was not required. Temple, 561 S.E.2d at 136. The court of appeals noted that petitioner's trial counsel had not testified at petitioner's motion for a new trial

concerning his trial strategy, and that in the absence of such testimony, the court must assume that trial counsel's actions were a part of his trial strategy. Temple, 561 S.E.2d at 136. See also Strickland, 466 U.S. at 689 ("judicial scrutiny of counsel's performance must be highly deferential...a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"). The court of appeals found that "[t]rial counsel could have determined that [petitioner's previous cocaine conviction] may have served to corroborate evidence that the assaults here resulted from a sour drug deal and that a motion to bifurcate would have been denied." Id. Moreover, the court held that it "simply must presume that any decision concerning bifurcation was one of the trial tactics and did not constitute deficient performance." Id. Without a finding of deficient performance, the court held that petitioner failed to meet his burden under the first prong of the Strickland test.

Petitioner also claimed trial counsel was ineffective for failing to introduce evidence that petitioner had passed a gunshot residue test. The

court of appeals held that petitioner "pointed to no evidence of record showing this fact to be true, but instead merely states in his appellate brief that 'there was evidence that a gunshot residue analysis was performed on [petitioner's] hands shortly after the alleged shooting' and that this test did not show the presence of gunshot residue." Temple, 561 S.E.2d at 136-37. The court held that in keeping with a presumption that counsel acted appropriately, it assumed that "any decision not to introduce such evidence, if it existed, was a matter of trial strategy and tactics," since petitioner had not introduced the testimony of his trial counsel. Id. at 137. The court found petitioner failed to meet his burden under Strickland on this claim as well.

Petitioner claims that trial counsel was ineffective for failing to request a limiting instruction on allegedly inadmissible character evidence. Doc. 1. The court of appeals concluded that "the prior conviction did not place [petitioner's] character into issue to the extent that evidence of the prior conviction affected the verdict on the aggravated assault charges." Temple, 561 S.E.2d at 136. This conclusion implicitly finds that trial counsel's performance was not deficient by failing to request a limiting

12

instruction on that character evidence.

Applying the Strickland standard, the court of appeals concluded that petitioner had failed to show that trial counsel's performance was deficient in any way and, therefore, found that petitioner had received effective assistance of counsel.  The court of appeals decision is neither contrary to nor  involves an unreasonable application of  Supreme Court precedent, and consequently petitioner's claims for relief on this ground  are without merit.

## B. Trial Court's Denial of Motions for Mistrial

Petitioner claims that the trial court erred in denying his repeated motions for a mistrial.  Doc. 1.  Petitioner raised this claim in his direct appeal to the Georgia Court of Appeals, and that court found no error in the trial court's denial of petitioner's motions.  Temple, 561 S.E.2d at 137.

A federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" in conducting habeas review.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations

13

on state-law questions." Id. at 67-68.  The decision of the court of appeals that the trial court did not err in denying petitioner's motion for a mistrial was based solely on state law grounds.  Temple, 561 S.E.2d at 137.  Even if the trial court's ruling was a violation of state law (which the Georgia Court of Appeals found it not to be), any such error does not afford a basis for federal habeas relief.  "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes. . . . A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." Carrizales v. Wainwright, 699 F.2d 1053, 1054-55 (11th Cir. 1983); see also Llamas- Almaquer v. Wainwright, 666 F.2d 191, 193 (5th Cir. Unit B 1982) ("it is elementary that questions of state law cannot be raised on federal habeas.").  Therefore, petitioner's claim that the trial court erred in denying his motions for a mistrial fails to state a ground upon which federal habeas relief may be granted.

## C.  Insufficiency of Evidence

Petitioner claims that the evidence presented at his trial was insufficient to support his three convictions for aggravated assault.  Doc. 1.

14

When a habeas petitioner asserts that there is insufficient evidence in the record to sustain his conviction, the court must determine whether a rational trier of fact, viewing the evidence in a light most favorable to the prosecution, could have found petitioner guilty of the charged crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). When weighing the sufficiency of the evidence, the court is not required to find that the evidence excludes every hypothesis except that of guilt beyond a reasonable doubt. Id. at 326; Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987), cert. denied, 484 U.S. 925 (1987). "Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved the conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence." Ford, 813 F.2d at 1143. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the granting of habeas relief." Id.

   In considering this claim on appeal, the Georgia Court of Appeals recounted the evidence presented at trial and noted that petitioner made an incriminating statement to a police officer and that one of the victims

"unequivocally identified [petitioner] as the man who pointed a gun at the victims and threatened to shoot all of them." Temple, 561 S.E.2d at 135. Petitioner claimed that since one of the female victims did not testify, the state failed to present sufficient circumstantial evidence to prove that she was in fear of receiving an imminent violent injury. Id. The court employed the standard of review set out by the Georgia Supreme Court in Barela v. State, 517 S.E.2d 321 (Ga. 1999), to evaluate the sufficiency of the evidence.[5] Id. Barela provides that a conviction may be sustained only if the facts proved by the state are consistent with the hypothesis of guilt and exclude every other reasonable hypothesis except the guilt of the accused. Barela, 517 S.E.2d at 323.[6] The court held that despite petitioner's contentions to the contrary, "a rational trier of fact could have concluded that the evidence excluded every reasonable hypothesis other than that the

---

[5]The court of appeals noted that while two of the victims testified, the female victim did not, and therefore the count charging petitioner with aggravated assault against her rested solely on circumstantial evidence. Temple, 561 S.E.2d at 135. Therefore, the court looked to the standard set out by Georgia law in evaluating the sufficiency of the evidence on this charge.

[6]In Barela, the Georgia Supreme Court relied on a previous case of that court, Booker v. State, 354 S.E.2d 425 (Ga. 1987), which articulated the standard of review for claims of insufficiency of the evidence. Booker, in turn, relied on the Supreme Court decision in Jackson v. Virginia, 443 U.S. 307. Therefore, the Georgia Court of Appeals implicitly relied on Jackson v. Virginia in making its determination regarding the sufficiency of the circumstantial evidence in this case.

female victim was frightened for her safety as well." Id.  Therefore, the court affirmed petitioner's convictions.

The Georgia Court of Appeals implicitly relied upon the proper Supreme Court precedent in reaching its decision on this claim.  After reviewing the evidence presented at trial, the court reasonably applied the Jackson standard, through the precedent of the Georgia Supreme Court, to the facts of petitioner's case.  Consequently, petitioner has failed to show that he is entitled to relief on this ground.

### D. Ineffective Assistance of Appellate Counsel

Petitioner raises several challenges to the adequacy of his appellate counsel. Docs. 1, 9. While less frequent than challenges to the effectiveness of trial counsel, claims of ineffective assistance of appellate counsel are well recognized. Evitts v. Lucey, 469 U.S. 387, 396-99 (1985); Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984).  The Supreme Court has held that the Strickland test  applies to claims of ineffective assistance of appellate counsel.   Murray v. Carrier, 477 U.S. 478, 488 (1986). Additionally, the same deferential standard used to assess the effectiveness of trial counsel applies to the tactics and decisions made by counsel on

appeal, as well as the reality that appellate counsel cannot argue issues that have not been preserved for appeal. Atkins v. Singletary, 965 F.2d 952, 957 (11th Cir. 1992). The Sixth Amendment does not require counsel to do what is unethical or legally indefensible. Counsel may also waive hopeless arguments or admit certain inculpatory facts for tactical reasons in light of the substantial evidence. See, e.g., Messer v. Kemp, 760 F.2d 1080, 1088-92 (11th Cir. 1985), cert. denied, 477 U.S. 1088 (1986) (implicit acceptance of guilt during argument was trial strategy, not ineffective assistance). Indeed, "the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue." Heath v. Jones, 941 F.2d 1126, 1130-31 (11th Cir. 1991), cert. denied, 112 S.Ct. 981 (1992). Instead, effective advocates should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 1131 (quoting Jones v. Barnes, 463 U.S. 745, 751-52 (1983)).

Petitioner previously raised several of his now asserted claims of ineffective assistance of appellate counsel in his first state habeas corpus petition. See Resp. Exs. 1, 3. Specifically, petitioner raised grounds 4(c), 4(d), 4(e), 4(f), 4(g), and 4(h) in his first state habeas petition. The state

18

court made findings of fact regarding the performance of petitioner's appellate attorney. The court found that appellate counsel "reviewed the trial transcript, discovery documents, and the court record," "performed legal research and conferred with petitioner about potential issues," and that petitioner "had the opportunity to ask his appellate attorney questions at the [habeas hearing] but declined to do so." Resp. Ex. 3, at 6. The state court then evaluated appellate counsel's performance under Strickland v. Washington, 466 U.S. 668, and determined that petitioner had not satisfied either prong to establish a claim of ineffective assistance of appellate counsel. The court, citing Supreme Court precedent, noted that appellate counsel is under no constitutional duty to raise every nonfrivolous issue requested by a client and that it is difficult to demonstrate that appellate counsel was incompetent based on a failure to raise a particular claim. Resp. Ex. 3, at 7; see also Barnes, 463 U.S. at 751 (counsel may decide, as a matter of professional judgment, which nonfrivolous claims to present on appeal in order to maximize the likelihood of success on appeal); Smith v. Robbins, 528 U.S. 259, 288 (2000) (ineffective assistance of appellate counsel claim may be brought under Strickland, "but it is difficult to

19

demonstrate that counsel was incompetent.").

Based on its application of this Supreme Court precedent, the state habeas court determined that petitioner had not satisfied either prong of the <u>Strickland</u> analysis, as he failed to show that appellate counsel's decisions were "unreasonable," or that counsel's failure to raise these claims prejudiced him. Resp. Ex. 3, at 8. Accordingly, the state court denied relief on these grounds. <u>Id.</u> The state court properly evaluated petitioner's contentions under existing Supreme Court precedent, and this Court may not disturb that finding. Thus, petitioner fails to state grounds upon which relief can be granted as to these claims.

Petitioner also now asserts several claims of ineffective assistance of appellate counsel that he did not raise in his first habeas petition, but attempted to raise in his second state habeas petition. Petitioner attempted to raise claims 4(a), 4(b), and 4(i) in his second state habeas petition, but the state court found that these grounds were procedurally defaulted under O.C.G.A. § 9-14-51, which provides that all grounds for habeas relief claimed by a petitioner for a writ of habeas corpus shall be raised in his original or amended petition. Resp. Ex. 6. The law provides that such

20

claims may subsequently be brought if the Constitution of the United States or the State of Georgia so requires, or if a judge considering a successive petition finds grounds for relief which could not reasonably have been raised in the original or amended petition. O.C.G.A. § 9-14-51. The state court found that petitioner did not satisfy either of these conditions in order to excuse the procedural default. Resp. Ex. 6, at 7.

The Eleventh Circuit, following Supreme Court precedent, has held that "the considerations of comity that underlie the procedural bar doctrine require federal habeas courts to honor state procedural rules, and not only state courts' procedural rulings." Lindsey v. Smith, 820 F.2d 1137, 1143 (11th Cir. 1987) (citing Engle v. Isaac, 456 U.S. 107 (1982)). Therefore, because petitioner did not raise grounds 4(a), 4(b), or 4(i) at the trial level or on direct appeal, this Court must respect the state habeas court's ruling and find these claims procedurally defaulted. Alderman v. Zant, 22 F.3d 1541, 1550-51 (11th Cir. 1994); see also Lindsey, 820 F.2d at 1143-44; Parker v. Turpin, 60 F. Supp. 2d 1332, 1368-69 (N.D. Ga. 1999). "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir.

1998) (citations omitted). Therefore, these claims do not provide grounds on which petitioner can seek relief under § 2254.

## IV. Conclusion

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED this** 24th **day of May, 2006.**

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

22